# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 25, 2013

Lyle W. Cayce
Clerk

No. 12-51142
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO PAREDES-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-433-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gerardo Paredes-Lopez appeals the 51-month sentence imposed following his guilty plea conviction for illegal reentry following prior deportation. He contends that his sentence, which is in the middle of the applicable guidelines range, is unreasonable. He specifically argues that his sentence is greater than necessary to meet the sentencing goals set forth in 18 U.S.C. § 3553(a) because the district court did not properly account for a number of mitigating factors, including, among others, the nonviolent nature of his crime, his benign motive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for reentering the United States, and his lack of recent criminal history. Paredes-Lopez also argues that the presumption of reasonableness does not apply to his sentence because the illegal-reentry guideline, U.S.S.G. § 2L1.2, is not supported by empirical data.

Paredes-Lopez makes no argument that the district court committed any procedural error regarding his sentence. Thus, this court's review is confined to whether the sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Paredes-Lopez did not object to the sentence as unreasonable, and therefore our review is for plain error. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007). Nonetheless, even under the ordinary standard of review, Paredes-Lopez has not shown that his sentence was unreasonable.

The record shows that the district court's sentencing decision was based upon an individualized assessment of the facts in light of the 18 U.S.C. § 3553(a) factors. *See Gall*, 552 U.S. at 49-51. The district court's determination of the appropriate sentence is entitled to deference, and we may not reweigh the Section 3553(a) factors or reverse a sentence because we might reasonably conclude that a different sentence is proper. *Id.* at 51-52. Paredes-Lopez's arguments regarding his personal history and circumstances, the nonviolent nature of his offense, and the remoteness of his criminal history are insufficient to rebut the presumption of reasonableness that applies to his within-guidelines sentence. *See United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011)*; United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Further, as he concedes, we have rejected his argument that the presumption of reasonableness should not apply because Section 2L1.2 is not empirically based. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009).

AFFIRMED.